**WEN BIN CHAI, Petitioner,**

v.

**Michael B. MUKASEY,* Attorney General, Respondent.**

**No. 06–72444.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.**

Filed Jan. 18, 2008.

Sara H. Lee, Esq., Tsoi & Associates, Monterey Park, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Edric Ching, Esq., USH–Office of the U.S. Attorney, Honolulu, HI, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM ***

Wen Bin Chai and Pin Zhu He petition for review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal of the Immigration Judge's ("IJ") denial of their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] Chai and He

---

* Michael B. Mukasey, Attorney General of the United States, is substituted for his predecessor, Alberto R. Gonzales, Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted* Dec. 10, 1984, Treaty Doc. No. 100–200, 1465 U.N.T.S. 85. The Convention Against Torture is implemented at 8 C.F.R. § 208.18.

waived any challenge to the denial of withholding of removal or CAT relief by failing to raise it in their opening brief, so we review only their claim for asylum. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996). We have jurisdiction under 8 U.S.C. § 1252. Because the BIA adopted the IJ's decision in its entirety, we review the IJ's decision. *See Abebe v. Gonzales,* 432 F.3d 1037, 1040 (9th Cir. 2005) (en banc). We review for substantial evidence the IJ's adverse credibility determination, *Cordon–Garcia v. INS,* 204 F.3d 985, 990 (9th Cir.2000), and we deny the petition.

Substantial evidence supports the IJ's adverse credibility determination based on Chai's and He's inconsistent, implausible, and imprecise testimony. *See, e.g., Wang v. INS,* 352 F.3d 1250, 1257–58 (9th Cir. 2003); *Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001). Because the IJ properly determined that Chai and He were not credible, they fail to demonstrate eligibility for asylum. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

The evidence presented on appeal by Chai and He is not "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 817, 117 L.Ed.2d 38 (1992).

**PETITION DENIED.**